IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RANDALL R, ALISA R., and KARA R.,<br><br>Plaintiffs,<br><br>v.<br><br>REGENCE BLUE CROSS SHIELD OF UTAH,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:18-cv-00381-DB-PMW<br><br>District Judge Dee Benson<br>Chief Magistrate Judge Paul M. Warner |

District Judge Dee Benson referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiffs' Motion to Conduct Discovery.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f). For the following reasons, Plaintiffs' motion is granted.

## **BACKGROUND**

Plaintiffs Randall R. and Alisa R. ("Plaintiffs") are participants in a self-funded employee welfare benefits plan subject to the Employee Retirement Income Security Act

---

[1] *See* Docket Nos. 3 and 8.

[2] *See* Docket No. 20.

("ERISA"). *See* 29 U.S.C. § 2001 *et seq*. Plaintiff Kara R. ("K.R.") is the child of Randall R. and Alisa R., and a beneficiary of the health plan. K.R. received inpatient residential treatment at Youth Care for mental health and substance abuse related issues at various periods throughout 2014 and 2015.

Defendant Regence Blue Cross Blue Shield of Utah ("Defendant"), the insurer and claims administrator, denied payment for K.R.'s treatment at Youth Care from May 22, 2015 forward on the basis that K.R.'s condition did not meet Defendant's necessity criteria for continued stay at the chemical dependence residential level of care at Youth Care.

Having exhausted the appeals process, Plaintiffs filed suit against Defendant asserting a claim for benefits under ERISA, *see* 29 U.S.C. § 1132(a)(1)(B), and a claim for violation of the Mental Health Parity and Addition Equity Act ("Parity Act"), *see* 29 U.S.C. § 1132(a)(3), for mental health and substance abuse benefits.

In the instant motion, Plaintiffs move the court for permission to conduct discovery regarding the Parity Act claim. Defendant oppose discovery of this claim arguing they anticipate filing a motion for judgment on the pleadings as they believe the claim is "deficient on its face."[3] Defendant asserts the Parity Act claim "is nothing more than a re-packaged § 1132(a)(1)(B) claim for benefits" and discovery is typically not allowed in ERISA benefit claims.[4] In response, Plaintiffs assert the discovery is necessary to properly evaluate the Parity

---

[3] Docket No. 26 at 2.

[4] *Id*.

Act claim. Plaintiffs also filed a motion for leave to file a second amended complaint to state the Parity Act claims more clearly, which the court granted on December 12, 2019.[5]

### **DISCUSSION**

The motion before the court relates to discovery. "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). While discovery is generally not necessary for ERISA claims, *see Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1162-63 (10th Cir. 2010), "the nature of Parity Act claims is that they generally require further discovery to evaluate whether there is a disparity between the availability of treatments for mental health and substance abuse disorders and treatment for medical/surgical conditions." *Robert L. v. Cigna Health & Life Ins. Co.,* No. 2:18-CV-976 RJS DBP, 2019 WL 6220062, at *2 (D. Utah Nov. 21, 2019).

---

[5] *See* Docket No. 32.

Here, Plaintiffs are legally entitled to conduct discovery on their Parity Act claim. For these types of claims, discovery is essential to allow Plaintiffs to learn and compare processes, strategies, evidentiary standards, and other factors Defendant used to show whether mental health and substance abuse benefits were discerningly limited. Defendant cannot avoid discovery simply because it anticipates filing a motion for judgment on the pleadings. Moreover, the court granted Plaintiffs' motion to amend complaint wherein Plaintiffs distinguish the Parity Act claim from the ERISA benefits claim more clearly. Accordingly, Plaintiffs' motion is granted. Plaintiffs may conduct discovery as to the Parity Act claim only. In regard to the ERISA benefits claim, Plaintiffs shall not attempt to obtain indirectly what they cannot obtain directly. *See, e.g., Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1157 (10th Cir. 2010) (stating extra-record discovery is generally not permitted for claims that seek judicial review of ERISA plan administrator's decisions).

## **CONCLUSION AND ORDER**

Based on the foregoing, Plaintiffs' Motion to Conduct Discovery[6] is **GRANTED** as detailed above.

**IT IS SO ORDERED.**

DATED this 9th day of January, 2020.

BY THE COURT:

Paul M. Warner
Chief United States Magistrate Judge

---

[6] *See* Docket No. 20.